UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
———————————————————————X

PENSION FUND OF THE UNITED FOOD &
COMMERCIAL WORKERS LOCAL 2013, AFL-CIO
BY ITS BOARD OF TRUSTEES LOUIS MARK
CAROTENUTO and STANLEY FLEISHMAN,          **COMPLAINT**

                Plaintiff,                CV-18- 3924

   -against-

ALLENDALE APARTMENTS, INC.,

                Defendant.
———————————————————————X

Plaintiff PENSION FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO ("Plaintiff LOCAL 2013 PENSION FUND"), by and through its attorneys, BRADY McGUIRE & STEINBERG, P.C., for its Complaint, respectfully alleges:

1. This is an action arising under the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1381 et seq. ("ERISA") to compel payment of an employer's withdrawal liability to Plaintiff LOCAL 2013 PENSION FUND.

## JURISDICTION & VENUE

2. The subject matter jurisdiction of this Court is invoked pursuant to Sections 502, 515 and 4301(b) of ERISA, 29 U.S.C. §§ 1132, 1145 and 1442.

3. Venue is properly laid in the Eastern District of New York pursuant to Sections 502(e)(2) and 4301(d) of ERISA, 29 U.S.C. §§ 1132(e)(2) and 1442(e), in that, as shown below, Plaintiff LOCAL 2013 PENSION FUND is administered from an office located at 9235 Fourth Avenue, Brooklyn, County of Kings, State of New York.

## THE PARTIES

4. Plaintiff LOCAL 2013 PENSION FUND is a joint trustee fund established by a trust indenture pursuant to Section 302 of the Labor Management Relations Act, 29 U.S.C. § 186 ("LMRA"). The Trustees of the LOCAL 2013 PENSION FUND maintain the subject plan at an office located at 9235 Fourth Avenue, Brooklyn, New York.

5. LOUIS MARK CAROTENUTO and STANLEY FLEISHMAN are the Trustees of Plaintiff LOCAL 2013 PENSION FUND and are fiduciaries of the pension fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

6. By resolution dated October 30, 2013, the Board of Trustees of Plaintiff LOCAL 2013 PENSION FUND officially resolved to change the name of the pension plan from the "Local 348 Pension Fund" to its current name.

7. Plaintiff LOCAL 2013 PENSION FUND is an employee pension benefit plan within the meaning of Section 3(2) of the ERISA, as amended, 29 U.S.C. § 1002(2) and established for the purpose of providing retirement income to eligible participants.

8. Plaintiff LOCAL 2013 PENSION FUND constitutes a multi-employer/employee benefit plan within the meaning of Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §§ 1002(3) and (37).

9. Upon information and belief, Defendant ALLENDALE APARTMENTS, INC. ("ALLENDALE") was and still is a New York corporation, with its principal place of business located at 34-24 82nd Street, Jackson Heights, New York.

10. Upon information and belief, Defendant ALLENDALE was and still is a foreign corporation duly licensed to do business in the State of New York.

11. Upon information and belief, Defendant ALLENDALE was and still is a foreign corporation doing business in the State of New York.

12. Upon information and belief, Defendant ALLENDALE is an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5) and Section 301 of the LMRA, 29 U.S.C. § 185.

## AS AND FOR A FIRST CAUSE OF ACTION

13. Plaintiff LOCAL 2013 PENSION FUND repeats and realleges each and every paragraph of the Complaint numbered 1 through 12 inclusive with the same force and effect as though more fully set forth at length herein.

14. Pursuant to the terms and conditions of the collective bargaining agreement entered into by and between Defendant ALLENDALE and United Food & Commercial Workers Local 2013, AFL-CIO formerly known as "U.F.C.W. Local 348-S", Defendant ALLENDALE was obligated to remit contributions to Plaintiff LOCAL 2013 PENSION FUND on behalf of those employees covered by the collective bargaining agreement.

15. In or about 2007, contributing employers, including Defendant ALLENDALE withdrew in mass from Plaintiff LOCAL 2013 PENSION FUND within the meaning of Section 4219(c)(1)(D) of ERISA, 29 U.S.C. § 1399(c)(1)(D), and were no longer obligated to contribute to Plaintiff LOCAL 2013 PENSION FUND, thereby completely withdrawing from Plaintiff LOCAL 2013 PENSION FUND within the meaning of Section 4203(a) of ERISA, 29 U.S.C. § 1383(a).

16. As a result of completely withdrawing from Plaintiff LOCAL 2013 PENSION FUND, contributing employers, including Defendant ALLENDALE, became liable for withdrawal liability.

17. On or about June 1, 2010, pursuant to Section 4202 of ERISA, 29 U.S.C. § 1382 and 29 C.F.R. § 4219.16(c), Defendant ALLENDALE was notified by Plaintiff LOCAL 2013 PENSION FUND of its reallocation liability in the amount of $12,288.00, the basis for the calculation of same and the option of making a single payment or quarterly installment payments.

18. The payment schedule set forth in the notification forwarded to Defendant ALLENDALE on or about June 1, 2010, provided for twelve (12) annual installments of $1,313.00 each to be paid through quarterly payments of $328.25 each and then a final annual payment of $594.00 to be paid through quarterly payments of $148.50 each. In addition to the principal amount owed in reallocation liability, these payments included interest on the declining balance.

19. Defendant ALLENDALE elected to remit quarterly installment payments which it continued to pay to Plaintiff LOCAL 2013 PENSION FUND through February 1, 2017.

20. Subsequent to said date, Defendant ALLENDALE APARTMENTS, INC. has failed to remit the required quarterly installment payments to Plaintiff LOCAL 2013 PENSION FUND, thereby leaving a current unpaid balance of withdrawal liability in the amount of $7,395.75.

21. As a result of this default, by written notice dated May 7, 2018, Plaintiff LOCAL 2013 PENSION FUND advised Defendant ALLENDALE that it had sixty (60) days to cure said default in accordance with Section 4219(c)(5) of ERISA, 29 U.S.C. § 1399(c)(5).

22. As of the date hereof, Defendant ALLENDALE has failed to cure its default and more than sixty (60) days have elapsed since said Defendant received written notification of said default from Plaintiff LOCAL 2013 PENSION FUND.

23. Defendant ALLENDALE has not at any time sought a review of any matter relating to its mass withdrawal liability determination including but not limited to its reallocation liability calculation and schedule of payments as provided by Plaintiff LOCAL 2013 PENSION FUND.

24. Defendant ALLENDALE has neither requested nor initiated any arbitration proceeding pursuant to Section 4221(a) of ERISA, 29 U.S.C. § 1401(a).

25. The failure of Defendant ALLENDALE to remit payments relating to its reallocation liability constitutes a default pursuant to Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(A) and, accordingly, Plaintiff LOCAL 2013 PENSION FUND is entitled to the immediate payment of said Defendant's reallocation liability amount along with accrued interest.

26. Accordingly, as a direct and proximate result of Defendant ALLENDALE's defaults, omissions and breaches of its obligations relating to its withdrawal liability, Plaintiff LOCAL 2013 PENSION FUND is entitled to the amount of $7,395.75 along with accrued interest, liquidated damages, reasonable attorneys' fees and costs pursuant to Sections 502(g)(2), 4219(c)(6) and 4301(b) & (e) of ERISA, 29 U.S.C. §§ 1132(g)(2), 1399(c)(6) and 1451(b) & (e).

**WHEREFORE**, Plaintiff PENSION FUND OF THE UNITED FOOD & COMMERCIAL WORKERS LOCAL 2013, AFL-CIO demands judgment against Defendant ALLENDALE APARTMENTS, INC. in the amount of withdrawal liability totaling $7,395.75, together with:

1. Interest computed on the total amount owed by Defendant, in accordance with Sections 502(g)(2)(B), 4219(c)(6) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(B), 1399(c)(6) and 1442(b);

2. Liquidated damages in accordance with Sections 502(g)(2)(C) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(C) and 1442(b);

3. Attorneys' fees, costs and disbursements in accordance with Sections 502(g)(2)(D) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(D) and 1442(b); and

4. Such other and further relief as the Court may deem just and proper in accordance with Sections 502(g)(2)(E) and 4301(b) of ERISA, 29 U.S.C. §§ 1132(g)(2)(E) and 1442(b).

Dated: Tarrytown, New York
July 9, 2018

Yours, etc.

BRADY McGUIRE & STEINBERG, P.C.

By: _____
James M. Steinberg (JS-3515)
Attorneys for Plaintiff
U.F.C.W. Local 2013 Pension Fund
303 South Broadway, Suite 234
Tarrytown, New York 10591
(914) 478-4293